**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| SUBINDU BARUA, | No. 15-70122 |
| Petitioner, | Agency No. A095-629-943 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Subindu Barua, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Toufighi v. Mukasey,* 538 F.3d 988, 992 (9th Cir. 2007) . We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Barua's motion to reopen as untimely, where he filed the motion more than two years after his final administrative order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and failed to provide sufficient evidence of materially changed country conditions to invoke the exception to the filing deadline, s*ee* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi,* 538 F.3d at 996 (setting forth requirements for prevailing on a motion to reopen based on changed country conditions).

Barua's contentions that the BIA ignored evidence and misstated evidentiary standards are not supported by the record.

We lack jurisdiction to consider Barua's challenge to the BIA's 2011 dismissal of his direct appeal because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *see also Stone v. I.N.S.,* 514 U.S. 386, 405 (1995).

Respondent's motion to take judicial notice of filings made in petitioner's prior petition for review to this court (Docket Entry No. 16) is denied as unnecessary.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**